JULIO GAY DEL SANTO, Plaintiff and Appellant, v. ENCARNACIÓN VEGA ET AL., Defendants and Appellees.

No. 4646. Argued April 2, 1929.—Decided May 28, 1929.

*González Fagundo & González Jr.* for the appellant. *Arturo Aponte* for the appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Julio Gay del Santo brought an action in the District Court of Humacao against Encarnación Vega, Carmen Vega and José Vega alleging that he was the owner of a rural property of six acres in the ward of Quebrada Arenas of Las Piedras and that the defendants were in possession of five acres of it without right thereto and without transfer by the plaintiff to them of the ownership thereof. The defendants denied in their answer the averments of the complaint and alleged that the property therein described belonged to Paulina Vega who had been in possession of it as owner publicly, peacefully and uninterruptedly for more than thirty years and at the death of Paulina Vega the defendants, as her lawful heirs, remained in possession of the property in the same capacity as their predecessor in interest and are still in possession thereof in good faith and with just title.

The case went to trial and on July 21, 1927, the court rendered judgment dismissing the complaint.

From the opinion attached to that judgment the following paragraphs are copied:

"It may be seen from an examination of the plaintiff's evidence that his ownership title dates from the dominion title proceeding had before this court wherein the property is described as having the same boundaries, the property in question appearing to have been acquired by purchase from Marcelina Peña.

"We have considered carefully the said dominion title proceeding and there are to be found therein some fundamental errors, since none of the witnesses who testified said that the property of six acres was purchased by Julio Gay from Marcelina Peña, as stated in the decision, and it was so recorded, and the evidence was contradictory because witness Manuel Peña said that Julio Gay acquired the said property from Eulalia Barbe; Juan R. Márquez stated that the property was acquired by Paulina Vega in a public sale; Jesús M. Hernández stated that the property was acquired in a public sale by Félix Gay in behalf of Elías Barbe and at the latter's death it passed to Eulalia Barbe who sold it to Julio Gay, and Francisco Porrata Lliteras testified that Julio Gay acquired the property directly in a public sale.

"This incongruity between the showing and the decision of the court may be undoubtedly attributed to an error or confusion between the title deed of said property and that of another of eleven acres which also appears in the proceeding.

"However, such evidence does not at all show truly how Julio Gay became the owner of the six acres of land which he now claims and which are the subject matter of the present action.

"In the tax return a description is made of a six-acre farm, but its boundaries do not tally with those of the property the subject of the claim except as to the south boundary, that is, the Humacao–Juncos road, and in the delinquent tax proceeding mention is made of the five acres without determining its boundaries.

"In view of this discrepancy as to the boundaries of the property it is difficult to reach a correct conclusion as to whether the property which is now claimed is the same which served as a basis for the aforesaid tax return and the delinquent tax proceeding.

"The certificate of the aforesaid delinquent tax proceeding is also very doubtful because it is therein stated that it was instituted against Paulina Vega and mention is then made of Julio Barbe as the owner of the land in question.

"There is also the fact that Félix Gay appeared in the said proceeding as the attorney in fact of Julio Barbe and the land was adjudicated to the latter as owner thereof, such facts being in conflict with the statements of the witnesses in the dominion title proceeding when dealing with the public sale.

"It appears from the oral testimony of the plaintiff that Paulina Vega lived on a parcel of six acres of the said property and that she moved to Humacao where she remained about six years, which evidence supports that of the defendants as to the possession on the part of Paulina Vega; and if we bear in mind the delinquent tax proceeding dated October 21, 1887, instituted against Paulina Vega, although it was decided in the manner already stated, we must conclude that the possession of Paulina Vega starting from that date, sustained by the evidence of the defendants, embraces a period of time of about 40 years, which period is more than sufficient to secure the ownership through the extraordinary prescription of 30 years. Although reference is made to acts of ownership executed by plaintiff, Julio Gay in connection with the establishment of a school and the setting up of a livery stable, however, Jesús M. Hernández, a witness for the plaintiff, testified that Julio Barbe sold the main property to Julio Gay, which shows that Gay owned land in the neighborhood of the six acres, that is, the main

property, and we do not know with certainty whether the school and the livery stable were on that land and not within the six acres which were owned exclusively by Paulina Vega and now by her successors.

"The complaint must be dismissed without special imposition of costs."

This appeal was taken from that judgment.

Three errors are assigned of which the first assignment is as follows:

"The court erred in not giving probatory value to the record of the property described in the complaint and in giving weight to the dominion title proceeding which originated that record."

There is no doubt that in the decision of the dominion title proceeding introduced in evidence there was an error or a confusion as regards the manner in which the property of six acres was acquired. Really, if the property is the same in its description, extent or measurement, boundaries, etc., that error should not be given the extreme importance sought to be given to it for the purposes of the argument. But it must be conceded also that if the record of that proceeding has been presented as evidence; if it has been brought to the attention of the court as an element on which to base a judgment, the judge can not be prevented logically from considering and analyzing the document so submitted. The dispenser of justice is not required to proceed by the strict application of formulas more or less just and subject to changes and substitutions. A formula may be necessary, but logic is more so, and the judge can not evade truth in order to satisfy an exaggerated technicality. The judge has the record before him and has the right to examine its contents, if it has been submitted to him as evidence.

Counsel for the defendants objected to the admission in evidence of the record in the dominion title proceeding instituted by Julio Gay del Santo on the ground that the court appeared to have no jurisdiction to approve that proceeding as regards Paulina Vega, because the original motion shows

that the property of six acres was acquired from Paulina Vega by auction and she was not summoned in the dominion title proceeding. As a legal basis for that objection the party cited section 67 of the Law of Evidence which authorizes the impeachment of any judicial record for want of jurisdiction in the court. The objection is fundamental and the summoning of Paulina Vega, the former owner, was indispensable. In *Perrier* v. *Rosario*, 20 P.R.R. 119, this court settled that question as follows:

"Citation of the *fiscal* and of the former owners is an essential requirement in dominion title proceedings according to article 395 of the Mortgage Law."

It does not appear from the proceeding that Paulina Vega was summoned and given an opportunity to be heard, and the proceeding in which she was not represented and to which she was not a party can not be invoked against her now or be made a matter of evidence.

This single point would be sufficient justification for the judge to dismiss from his mind the dominion title proceeding in question, and consequently the record produced therefrom. It is true that the judge failed to consider this particular, but that does not detract from the effectiveness of the defect. The judge has noticed the contradictions incurred by the witnesses in that proceeding. While one said that Gay bought the property from Eulalia Barbe, another stated that he had acquired it at public sale from Paulina Vega, another that Felix Gay had acquired it at public sale in behalf of Elías Barbe who bequeathed it to Eulalia. Barbe who sold it to Julio Gay, and another that Julio Gay acquired it directly at auction. We hold that the court has no power to determine the grounds of another decision unless it is directly attacked; but if the record of the proceeding has been submitted to it as a matter of evidence, the court has authority to give it more or less weight, or to give it no value when, as in the present case, it appears that the court had no jurisdiction, or that the evidence could not convince anybody.

What the district court finds in the present case is lack of evidence to show how Julio Gay acquired the property and even that he did acquire it. The contradictions indicated in the opinion transcribed exist, and there is above all testimony to convince the judge of the possession by Paulina Vega and later by the defendants for more than thirty years, as the owners of that property. And the judge had to decide on the evidence in favor of the defendants, or to admit, at least, that the plaintiff had not proved that he was the owner of the six acres of land claimed.

The decision of this court in *Elzaburu* v. *Chaves et al.*, 19. P.R.R. 162, is of great weight in the present appeal. One of the first paragraphs of the opinion clearly established the field of action and the issues in such cases:

"This being an action of ejectment to recover title to real property, it devolves upon the plaintiff to prove at the outset that he is the lawful owner of the lands claimed and now in possession of the defendant."

The first thing in such a case is that the plaintiff must prove that he is the lawful owner of the thing claimed. Without that no action of revendication lies, inasmuch as it is a direct emanation from the ownership under section 354 of the Civil Code.

In the case cited a study was made of the weight and effect of certain records and the evidence therein submitted and heard. Furthermore, one paragraph of the opinion fits admirably what might have occurred in the present case. It is as follows:

"After a review of all that evidence in relation to that of the plaintiff, the conclusion is reached that the rights of the defendants date from 1875, at least, when their ancestor made the purchase from Santos Caneti, the son of the Juan Caneti referred to in the proceedings instituted in 1836, and in reference to whom the Síndico said that the property might have been leased or purchased by him from Mrs. Otero. The Canetis were in constant possession, whether as the lawful owners or not is not clear, but it is certain that they were in possession before 1836 and that the defendants

have been in possession as owners since 1875, that they secured judicial acknowlegment of their possession in 1895 and recorded the same in the registry in 1896. It may be said that their possession was interrupted since 1875 by virtue of the attachment levied by the Government and subsequently by the repeated acts of the same Government and of the plaintiff, but the fact is that neither the former with all its power nor the latter by resorting to every legal means available ever had been able to succeed in ejecting them from the property, and in this suit the title of the plaintiff having been put to the test, we have reached the conclusion that it is not sufficient.''

We hold that the first assignment of error is without merit.

The second assignment is as follows:

''The court erred in weighing the evidence and the judgment is contrary thereto.''

The constant doctrine of this court is not to vary the weighing of the evidence by the lower court unless it is shown that there was manifest error or that the court was influenced by passion, prejudice or partiality.

Having examined the evidence in this case, we believe that the district court reached a correct conclusion in regard thereto. Perhaps it could have gone further and made more concrete findings; but it is evident that it did not feel justified in holding that the plaintiff was the owner of the property claimed by him and that Paulina Vega and her heirs had been in possession of the said property for more than thirty years, quietly, peacefully and publicly, as its owners. There was no error in so weighing the evidence.

The judgment appealed from must be affirmed.